UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 94-1274

CITY OF PORTSMOUTH NEW HAMPSHIRE,

Plaintiffs - Appellants,

v.

RICHARD SCHLESINGER AND WILLIAM WEINSTEIN,

Defendants - Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge] 



Before

Boudin, Circuit Judge, 

Aldrich, Senior Circuit Judge, 

and Young,* District Judge. 



Steven E. Grill, with whom Alexander J. Walker, Jr., and 
Devine, Millimet & Branch, P.A. were on brief for appellants. 
Christopher Cole, with whom Peter S. Cowan and Sheehan, 
Phinney, Bass & Green, P.A. were on brief for appellees. 



May 9, 1996


 

* Of the District of Massachusetts, sitting by designation.

Per Curiam. The Supreme Court of New Hampshire issued 

its opinion on March 12, 1996, in City of Portsmouth v. 

Schlesinger, et al., No. 95-399, 1996 WL 112,644 (N.H. Mar. 12, 

1996), responding to the question certified by this court on

June 13, 1995. See City of Portsmouth v. Schlesinger, 57 F.3d 

12, 18 (1st Cir. 1995).

Having dealt with appellant's other arguments in our

earlier decision, the sole remaining issue in this appeal is

whether the appellees' so-called "illegality" defense was time

barred. The district court held the defense timely and, ruling

that it applied to appellant's conduct, entered judgment for the

appellees. On appeal, this court considered that the timeliness

issue turned on whether the short statutes of limitation found in

New Hampshire Rev. Stat. Ann. sections 677:2 and :4 apply in the

circumstances of this case. The New Hampshire Supreme Court has

now responded in the negative when that question was certified to

it. The New Hampshire Supreme Court ruled that the questions

presented by this case -- questions of an ordinance's legality

and ultimately the binding effect of a promissory note -- were

not questions of administrative action subject to RSA 677:2 and

:4, but were affirmative defenses relating to the underlying

legality of the appellant's legislative action.

In light of the opinion of the Supreme Court of New

Hampshire, we hold that the district court's judgment for the

appellee must be affirmed. 

-2-